IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROLAND NICKELSON,

        Plaintiff,      Case No. 3:09 CV 906

 -vs-

                  ORDER AND JUDGMENT

ROBERT WELCH, WARDEN

        Defendant.

KATZ, J.

  This matter is before the Court pursuant to the Report and Recommendation (R & R) of Magistrate Judge James R. Knepp (Doc.26), recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Petitioner has filed a motion to dismiss the case in response to the R & R. In accordance with *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has undertaken a *de novo* review of the Magistrate Judge's findings and conclusions. The Court will deny Petitioner's motion to the extent it seeks to dismiss this case without prejudice, and will adopt the R & R.

  In his motion to dismiss, Petitioner does not take issue with any of the findings or conclusions contained in the R & R. Instead, he asks that the Court dismiss his § 2254 petition on the ground that it was filed "prematurely." He claims, for the first time, that he has discovered that the journal entry of Petitioner's sentencing hearing before the Wood County Court of Common Pleas failed to meet the requirements necessary to properly sentence Petitioner to post-release control. Thus, he asks that his current petition be dismissed, presumably without prejudice, so he can pursue his new theory of the case, presumably in state court. He does not seek to amend his current petition to add his new claim, nor does he request a stay while he pursues his new theory of relief in the state courts.

To the extent Petitioner seeks dismissal of his petition without prejudice, his motion is denied. As noted above, Petitioner has raised no objection to the R & R's treatment of the claims contained in his petition. The Magistrate Judge found that Petitioner's claims were either procedurally defaulted, or failed on the merits, and, upon *de novo* review, the Court fully agrees with those findings and conclusions. Thus, all the claims in the petition have now been exhausted. Moreover, the law is clear that the Court is not required to dismiss or stay "a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984). Therefore, Petitioner's attempt to raise a new, unexhausted claim at this stage of the proceeding is unavailing.

For the foregoing reasons, the Court denies Petitioner's motion (Doc. 26) to the extent it seeks dismissal of this case without prejudice. The Court adopts the findings and recommendations of the Magistrate Judge to dismiss this case with prejudice in full. The petition for a writ of habeas corpus is denied. The Court has determined *sua sponte* that no certificate of probable cause should issue in this case, as any appeal would lack substantial merit.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE